**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

JUSTIN PAUL RECHTER and
PAMELA KAY RECHTER,

Plaintiffs,

v.

UNITED WHOLESALE MORTGAGE, LLC;
COMPUTERSHARE DELAWARE TRUST CO., as Trustee
of GS Mortgage-Backed Securities Trust 2026-HE2;
GS MORTGAGE-BACKED SECURITIES TRUST 2026-HE2;
NEWREZ LLC, d/b/a
Shellpoint Mortgage Servicing;
GOLDMAN SACHS MORTGAGE COMPANY, LP;

Defendants.

## COMPLAINT

1. Plaintiffs Justin Paul Rechter and Pamela Kay Rechter bring this action to rescind a mortgage loan and obtain damages pursuant to the Truth in Lending Act, 15 U.S.C. §§1635 and 1640, and Regulation Z, 12 C.F.R. part 1026.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1640, 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. Venue in this District is proper because the events in question occurred in this District and the action concerns real property located in this District.

## PARTIES

4. Plaintiffs Justin Paul Rechter and Pamela Kay Rechter are husband and wife and reside in a home which they own at 13420 Taney Street, Crown Point, IN 46307.

5. Plaintiffs owned the home prior to the events set forth below.

6. Defendant United Wholesale Mortgage, LLC is a Michigan limited liability company with offices at 585 South Blvd. E, Pontiac, Michigan 48341. It does business in Indiana. Its registered agent and office is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN,

46204, or 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7. Defendant Computershare Delaware Trust Company is a Delaware banking corporation with offices at 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

8. Defendant GS Mortgage-Backed Securities Trust 2026-HE2 is a statutory trust created under the Delaware Statutory Trust Act, and authorized to sue or be sued in its own name. Its registered agent and office is Computershare Delaware Trust Company, 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

9. Defendant Computershare Delaware Trust Company is identified as the trustee of GS Mortgage-Backed Securities Trust 2026-HE2.

10. Defendant NewRez LLC, d/b/a Shellpoint Mortgage Servicing, is a limited liability company organized under Delaware law with principal offices at 1100 Virginia Drive, Suite 125, Fort Washington, PA, 19034. It does business in Indiana. Its registered agent and office is Corporation Service Company, 135 North Pennsylvania Street, Suite 1600, Indianapolis, IN 46204.

11. Defendant Goldman Sachs Mortgage Company, LP, is a limited partnership entity created under New York law with its principal office at 200 West St, New York, NY 10282-2102. It does business in Indiana. Its registered agent and office is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204, or 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**FACTS**

12. On January 9, 2026, Plaintiffs obtained a home equity line of credit secured by their home. The loan closing was conducted by a mobile notary at their home. The mobile notary did not give Plaintiffs a copy of any of the documents they signed that evening.

13. The line of credit was obtained for personal, family or household purposes, to refinance prior indebtedness, and not for any business purpose.

14. The line of credit was not obtained to purchase the property.

15. Plaintiffs do not believe they were provided a notice of right to cancel to sign. Plaintiffs did not receive copies of either a notice of right to cancel or the final Truth in Lending

disclosure on the day of the closing.

16. The lender was United Wholesale Mortgage, LLC.

17. On or about March 3, 2026, servicing of the loan was transferred from United Wholesale Mortgage, LLC to NewRez LLC d/b/a Shellpoint.

18. On information and belief, NewRez LLC d/b/a Shellpoint claims servicing rights with respect to the loan.

19. In March 2026, Shellpoint began billing Plaintiffs for amounts in excess of what they believed to be the correct amount.

20. By letter of March 27, 2026, Shellpoint informed Plaintiffs that the owner of the loan was Goldman Sachs Mortgage Company, 2001 Ross Ave., Suite 2800, Dallas, TX 75201.

21. The Truth in Lending Act requires a notice when ownership of a mortgage loan is transferred. 15 U.S.C. §1641.

22. No such notice was received concerning a transfer to Goldman Sachs Mortgage Company.

23. By letter of September 10, 2026, Plaintiffs were informed that "the owner of your loan is Computershare Delaware Trust Company, not in its individual capacity but solely as Delaware Trustee of GS Mortgage-Backed Securities Trust 2026-HE2."

24. No notice of transfer of ownership from Goldman Sachs Mortgage Company to any other person or entity was received by Plaintiffs.

25. The "GS" refers to Goldman Sachs Mortgage Company.

26. The legal identity of the owner of Plaintiffs' loan is unclear from the above statements.

27. In addition, GS Mortgage-Backed Securities Trust 2026-HE2 is a Delaware statutory trust, which is capable of holding property and suing and being sued in its own name. 12 Del. C. §§3801, 3804(a), and 3805. It is not a common law trust that must act through a trustee. Furthermore, it is a distinct entity from Goldman Sachs Mortgage Company, which was also

represented to be the owner of the loan.

28. Because Defendants' statements make it unclear who owns the loan, Plaintiffs therefore name as Defendants GS Mortgage-Backed Securities Trust 2026-HE2; Computershare Delaware Trust Co., as Trustee of GS Mortgage-Backed Securities Trust 2026-HE2; and Goldman Sachs Mortgage Company, LP.

29. By letter of September 22, 2026, Plaintiffs gave notice of their election to rescind the home equity line of credit. Defendants received the notice on September 28 and 29, 2026.

30. Defendants have not responded to the notice.

**COUNT I – TRUTH IN LENDING ACT**

31. Plaintiffs incorporate paragraphs 1-30.

32. Plaintiffs are entitled to rescind under 15 U.S.C. §1635, which provides:

Right of rescission as to certain transactions

(a) Disclosure of obligor's right to rescind

> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

(b) Return of money or property following rescission

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon

the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

(c) Rebuttable presumption of delivery of required disclosures

Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

(d) Modification and waiver of rights

The Bureau may, if it finds that such action is necessary in order to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of any rights created under this section to the extent and under the circumstances set forth in those regulations.

(e) Exempted transactions; reapplication of provisions

This section does not apply to—

(1) a residential mortgage transaction as defined in section 1602(w) [1] of this title;

(2) a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property;

(3) a transaction in which an agency of a State is the creditor; or

(4) advances under a preexisting open end credit plan if a security interest has already been retained or acquired and such advances are in accordance with a previously established credit limit for such plan.

(f) Time limit for exercise of right

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right

> of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.
>
> (g) Additional relief
>
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.
>
> (h) Limitation on rescission
>
> An obligor shall have no rescission rights arising solely from the form of written notice used by the creditor to inform the obligor of the rights of the obligor under this section, if the creditor provided the obligor the appropriate form of written notice published and adopted by the Bureau, or a comparable written notice of the rights of the obligor, that was properly completed by the creditor, and otherwise complied with all other requirements of this section regarding notice. . . .

33. Plaintiffs intend to pay the rescission amount upon it being ascertained.

34. 15 U.S.C. §1640(a) provides:

> Civil liability
>
> (a) Individual or class action for damages; amount of award; factors determining amount of award
>
> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of the failure;
>
> (2)
>
> (A)
>
> (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction . . . except that the liability under this subparagraph shall not be less than $200 nor greater than $2,000 . . .

35. 15 U.S.C. §1640(a)(3) provides that a Plaintiff may recover, "in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court . . . ."

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendants:

i. Rescinding the line of credit of January 9, 2026;

ii. Requiring recordation of a release of mortgage;

iii. Ascertaining the amount if any that must be tendered by Plaintiffs;

iv. Making provision for any such required tender;

v. Awarding damages for failure to rescind;

vi. Awarding attorney's fees, litigation expenses and costs of suit;

vii. Granting such other or further relief as is appropriate.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 62970473)
Caileen M. Crecco (ARDC 6343265)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Dedelman@edcombs.com
tgoodwin@edcombs.com
ccrecco@edcombs.com

## JURY DEMAND

Plaintiffs demand trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

M:\Cases\U\UNITEDWHOLESALE MORTGAGE V. RECHTER, JUSTIN\notice of rescission.wpd